IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALFRED R. COWGER, JR, and | ) | Case No. 1:14-cv-335 |
| ANTHONY J. WESLEY, JR. | ) | |
| *On behalf of themselves and their* | ) | Judge  Christopher Boyko |
| *minor daughter* | ) | |
| CCC-W, | ) | |
| 34550 Dorchester Road | ) | |
| Gates Mills, OH 44040 | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | COMPLAINT (redacted) |
| *c/o* Steven M. Dettelbach | ) | |
| U.S. Attorney for the Northern District of Ohio | ) | |
| 801 West Superior Avenue | ) | |
| Cleveland, OH  44113, | ) | |
| | ) | |
| STATE OF OHIO | ) | |
| *c/o* Mike Dewine | ) | |
| Attorney General of Ohio | ) | |
| 30 East Broad Street, 14th Fl. | ) | |
| Columbus, OH  43215, | ) | |
| | ) | |
| JOHN KASICH | ) | |
| Governor of Ohio | ) | |
| 77 South High Street, 30th Floor | ) | |
| Columbus, OH  43215, and | ) | |

1

|  | ) |
|---|---|
| MARY TAYLOR | ) |
| Lieutenant Governor of Ohio and Director | ) |
| Of Ohio Department of Insurance | ) |
| 77 South High Street, 30th Fl | ) |
| Columbus, OH 43215-6117 | ) |
|  | ) |
| Defendants. | ) |

## I. PRELIMINARY STATEMENT

1.  This civil rights case challenges as a violation of the Fourteenth Amendment of the U.S. Constitution those Ohio constitution and statute provisions, Ohio Rev. Code §3101.01(C) (3) and (4) and Art. XV, §11 of the Ohio Constitution, which deny legal recognition of marriages of same-sex spouses residing in Ohio who have been legally married in one of the other states where same-sex couples may legally be married, which in turn prevents same-sex spouses from purchasing family health insurance policies via the insurance "Marketplace" established under the Patient Protection and Affordable Care Act, Pub. L. 111-148, 124 Stat. 119 (hereinafter "ACA").

2.  This case further challenges as a violation of the Fifth and Fourteenth Amendments of the U.S. Constitution those provisions of the ACA, together with the aforesaid Ohio Constitutional and statutory provisions, and the Defendants' actions thereunder, which prohibit Plaintiffs from purchasing a family health insurance policy via the Marketplace, on the grounds that said laws and actions unconstitutionally interfere with Plaintiffs fundamental rights of family and parenting.

## II.  JURISDICTION AND VENUE

3.  Jurisdiction over Plaintiffs' claims is conferred on this Court by 28 U.S. C. §1331 and §1343(3) and (4).  Venue is proper under 28 U.S.C. §1391, because Plaintiffs reside in the

2

Northern District of Ohio and a substantial part of the events giving rise to the claim occurred in said District.

### III.  INDIVIDUAL PARTIES

4.  Plaintiff Alfred R. Cowger, Jr. (hereinafter "Cowger") is a resident of Gates Mills, Ohio.  He is married to Plaintiff Anthony J. Wesley, Jr. (hereinafter "Wesley"), and is the father of Plaintiff CCC-W (hereinafter "CCC-W").

5.  Plaintiff Wesley is a resident of Gates Mills, Ohio.  He is married to Plaintiff Cowger and is the father of Plaintiff CCC-W.

6.  Plaintiff CCC-W is a minor and resident of Gates Mills, Ohio.  She is the daughter of Plaintiffs Cowger and Wesley.

7.  Defendant John Kasich is the Governor of Defendant State of Ohio, and implements and enforces Ohio Rev. Code §3101.01(C) (3) and (4) and Art. XV, §11 of the Ohio Constitution.  As Governor, he also oversees the Ohio Department of Insurance and its Director, Defendant Lt. Gov. Mary Taylor.  Defendant Kasich is sued in his official capacity.

8.  Defendant Mary Taylor is the Lieutenant Governor of Defendant State of Ohio and was named by Defendant Kasich as the Director of the Ohio Department of Insurance.  In that capacity she supervises the enforcement of all laws in Ohio pertaining to health insurance policies offered to consumers in Ohio, and develops and oversees all policy and practices within the Ohio Department of Insurance.  She reports to and is under the supervision of Defendant Kasich.  Defendant Taylor is sued in her official capacity.

### IV.  FACTS

9.  Plaintiffs Cowger and Wesley have been in a committed relationship for almost twenty-eight years, and have shared one common residence since 1986.  They met in Cleveland,

3

Ohio in 1982, and were friends for several years, until they decided to express their commitment to each other as life partners.  They celebrate May 1, 1986 as the anniversary of that expression of commitment.  Throughout the last twenty-eight years, they have held themselves out to the world as life partners.  They have continually shared assets and financial obligations, as well as the personal and emotional aspects of persons in a committed relationship, ranging from personal and professional triumphs, to happy and sad family events, to the birth of their daughter CCC-W. They have shared residences from 1986 to date.

10.  Since CCC-W's birth, Cowger and Wesley have acted like any other parent, providing care and nurturing, and make all decisions related to her educational needs, religious needs and healthcare needs.

11.  CCC-W was born in 2006.  She has been a part of the Cowger-Wesley family since literally the moment she was born.  Cowger and Wesley were awarded custody of CCC-W on June 6, 2006, by the Superior Court of Maricopa County, AZ.  On August 30, 2006, Cowger and Wesley were named CCC-W's adoptive parents via a court order issued by the Common Pleas Court of Montgomery County, PA (Orphans Court Division).

12.  In 2010, Cowger and Wesley decided they would rather raise their daughter in the Cleveland area than the area in northeast Pennsylvania where they were living.  Therefore, they moved back to the Cleveland area in July 2010, and have lived in this area ever since together in one residence.

13.  For approximately the last fifteen years, Cowger and Wesley have been co-insured under the same health insurance policy, either as part of employer-provided group health insurance or an individual policy in which both were insured as "domestic partners".  CCC-W became insured under the same health insurance policy at the time Cowger and Wesley were

granted custody of her in 2006.  Since December 2010, Cowger, Wesley and CCC-W have been
under the same non-group family health insurance policy purchased from Anthem Blue Cross
and Blue Shield of Ohio.

    14.  In 2012, Cowger and Wesley decided to get married.  Because same-sex marriage
was not valid in Ohio, Cowger and Wesley decided to marry in upstate New York.  They were
married before Judge James Fischer, Justice of the Town of Chautauqua, New York, on June 5,
2012.  On July 27, 2012, they held a ceremony of re-commitment before family and friends in
Cleveland, Ohio.

    15.  In early 2013, Cowger decided to start scaling back his legal practice so that he could
spend more time with his family.  Wesley had already retired from being a Chief Financial
Officer in 2010.  Due to the resulting reduction in family incomes, Cowger and Wesley were
very interested in obtaining family health coverage for themselves and their daughter via the
Marketplace website, since the Marketplace purported to provide better rates, tax credits to help
pay for premiums and certain statutory protections not found in the private insurance market.

    16. Starting in the first week of October 2013, first Wesley, then Cowger, tried to apply
for family coverage.  Due to glitches in the Marketplace website, they were unable to complete
any applications, despite hours of trying.  However, they were not worried because a
representative of Anthem had informed them in late October that they could continue to be
insured after December 2013 under their existing Anthem policy, but that the premium cost
would increase about twenty percent.

    17.  Unfortunately, on or about November 8, 2013, Cowger received a letter from
Anthem stating that Plaintiffs' policy was to be terminated because it was not in compliance with
the ACA.  They could purchase a new family policy from Anthem, but between the increase in

deductibles and premiums, that policy would cost approximately twice as much as their current Anthem policy, or about one-half of their current joint income, and would not be eligible for tax credits under the ACA.

18.  Cowger returned to the ACA Marketplace website and redoubled his efforts to obtain family insurance coverage.  Between the first week of October and December 6, 2013, Cowger logged about one hundred hours trying to apply via the website, speaking with "help desk" personnel and being referred to persons to whom the Cowger-Wesley family's insurance applications were "escalated".  During that time Cowger was told repeatedly by Marketplace representatives that because Cowger and Wesley were legally married in New York and were planning on filing a joint 2013 tax return, they should be able to obtain a family policy via the Marketplace.  However, each time, Cowger would ultimately be told that it was determined that Plaintiffs could not purchase a family policy since their legal marriage in New York, recognized as valid for federal tax purposes, was not deemed valid to obtain a family policy under the ACA. Thus, though their assets were commingled, and their income was supposed to be verified via their joint tax return, Cowger and Wesley were forced to obtain separate identical individual health insurance policies, and thereby pay two equal premiums and be subject to two different deductibles.  On December 6, 2013, facing a loss of all their health coverage at the end of 2013, Cowger and Wesley purchased these separate policies from the Marketplace.

19.  This, unfortunately, did not end the health insurance woes of the Cowger-Wesley family.  At the time their individual policies were approved, Cowger and Wesley learned that, because they had to divide the family's income between them to determine their tax credit status, if either applied for coverage for CCC-W under his respective policy, the website defaulted to a presumption that CCC-W would be eligible for Ohio Medicaid coverage.  This presumption

6

prevented either Cowger or Wesley from adding CCC-W to their respective plans.  However, this presumption was invalid, because Ohio Medicaid would simply require the respective incomes of Cowger and Wesley to be commingled, and thereby make CCC-W ineligible for such coverage.  After a month of effort to obtain insurance for CCC-W, including applying directly with Ohio Medicaid with the hope she would quickly be denied, the only way to get around the false presumption was, on the advice of Marketplace personnel, to apply for a separate policy for CCC-W in the Marketplace.  As a result, the Cowger-Wesley family went from one family policy in 2013 to three different individual policies 2014.  Moreover, CCC-W's coverage was delayed until February 1, 2014, because her individual policy was not approved until January 6, 2014.  As a result of this delay, Plaintiffs incurred  costs from regularly scheduled visits that otherwise would have fallen under her insurance, but had to be paid out-of-pocket by Cowger and Wesley.

20.  During the week of January 19, 2014, Cowger, Wesley and CCC-W each received in the mail their respective Certificates of Insurance from Medical Mutual of Ohio.  These Certificates indicated that Cowger and Wesley could indeed obtain this same policy as domestic partners, and that CCC-W would be covered under the policy, thereby resulting in one family policy for Plaintiffs, not three individual policies.  When Cowger called Medical Mutual of Ohio on January 24, 2014, he was told by the customer service representative that this policy, if purchased by them as a family policy, would not qualify for tax credits because it could not be sold as an ACA "Marketplace" policy to them, since their marriage was not valid in Ohio.  However, they would qualify for this policy as domestic partners, and could purchase it at non-Marketplace rates and without any tax credits.

21.  Almost concurrent with these Medical Mutual communications, Cowger received a call on January 27, 2014, from a representative of the Marketplace, who stated that his complaint from December 6, 2013, had again been "escalated".  This representative informed Cowger that the Marketplace website had had a glitch when dealing with domestic partners, but that this glitch was fixed. The representative worked with Cowger for about three hours to start over with a new application for the Cowger-Wesley family, after which the representative told Cowger that Cowger, Wesley and CCC-W had been approved for family coverage via the Marketplace.  Unfortunately, immediately thereafter, when that representative tried actually to purchase the same Medical Mutual policy for the family which they already owned as three separate polices, the representative learned that he could not do so.  After Cowger was "escalated" again to that representative's supervisor, Cowger was informed by the supervisor that, though they had been approved for family coverage, in fact they could not actually purchase family coverage because their marriage and domestic partner status were not recognized under Ohio law.

22.  As of the date of this Complaint, Cowger, Wesley and CCC-W still have had to purchase three separate but identical health insurance policies from Medical Mutual of Ohio, and thereby pay three separate premiums and be subject to three separate deductibles.  Even after CCC-W's Medicaid application is eventually and inevitably declined, the Cowger-Wesley family will still have to buy separate policies, with one father paying for individual premiums and subject to an individual deduction, and the other father paying for a family policy and paying family deductions.

## V.  COUNT ONE—VIOLATION OF THE U.S. CONSTITUTION BY DEFENDANTS STATE OF OHIO, KASICH AND TAYLOR

23.  By failing to recognize the valid New York marriage of Cowger and Wesley solely on the basis of their status as same-sex spouses, Defendants State of Ohio, Kasich and Taylor are violating the rights of Cowger and Wesley found under the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution, and thus said Defendants are denying Cowger and Wesley scores of rights afforded to married couples under federal and Ohio law, including but not limited to the ability to purchase one joint family policy pursuant to the ACA, together with the rights and benefits associated with insurance policies purchased via the Marketplace,.

24.  By failing to recognize the valid family status of Cowger, Wesley and CCC-W for purposes of obtaining health insurance via the Marketplace, Defendants State of Ohio, Kasich and Taylor are violating Plaintiffs' rights of family and parental upbringing found under the Fourteenth Amendment of the U.S. Constitution, and thus denying them the rights afforded to families under federal and Ohio law, including but not limited to the ability to purchase one joint family policy pursuant to the ACA, together with the rights and benefits associated with insurance policies purchased via the Marketplace.

## VI.  COUNT TWO—VIOLATION OF 42 U.S.C. §1983 by DEFENDANT GOVERNOR KASICH

25.  By intentionally violating Plaintiffs' constitutional rights as stated above while acting within his official capacity as Governor of the State of Ohio, Defendant Governor Kasich is in violation of 42 U.S.C. 1983.

## VII.  COUNT THREE—VIOLATION OF 42 U.S.C. §1983 by DEFENDANT LIEUTENANT GOVERNOR TAYLOR

26. By intentionally violating Plaintiffs' constitutional rights as stated above while acting within her official capacity as Lieutenant Governor of the State of Ohio and Director of the Ohio Department of Insurance, Defendant Taylor is in violation of 42 U.S.C. 1983.

## VIII.  COUNT FOUR—VIOLATION OF THE U.S. CONSTITUTION BY DEFENDANT UNITED STATES OF AMERICA

27.  By refusing to acknowledge the status of Cowger and Wesley as married on the basis of their status as same-sex spouses, and thus preventing Plaintiffs from purchasing a family health insurance policy in the Marketplace, together with the rights and benefits associated with insurance policies purchased via the Marketplace, Defendant United States of America is violating the constitutional rights of Cowger and Wesley as found under the Fifth Amendment of the U.S. Constitution.

28.  By refusing to recognize their family status, and thus allow them to purchase family coverage otherwise approved by the State of Ohio even as a family of domestic partners and their daughter, Defendant United States of America is violating the constitutional rights of Cowger, Wesley and CCC-W  to family and parenting found in the Fifth Amendment of the U.S. Constitution.

## IX.  PRAYER FOR RELIEF

*Wherefore,* Plaintiffs pray for relief as follows:

1.   A temporary restraining order against Defendants forbidding discrimination against Cowger and Wesley such that their valid New York marriage is not recognized in Ohio, and ordering Plaintiffs be deemed a family for purposes of purchasing a family

10

health insurance policy under the ACA, and ordering that Defendants take such action as is necessary to allow Plaintiffs to buy one family health insurance policy via the ACA Marketplace, and thereby eligible for full tax credits as a family, and such other benefits as come with purchasing an insurance policy via the Marketplace;

2. A preliminary injunction after the temporary restraining order expires forbidding discrimination against  Cowger and Wesley such that their valid New York marriage is not recognized in Ohio, and ordering Plaintiffs be deemed a family for purposes of purchasing a family health insurance policy under the ACA, and ordering that Defendants take such action as is necessary to allow Plaintiffs to buy one family health insurance policy via the ACA Marketplace, and thereby eligible for full tax credits as a family, and such other benefits as come with purchasing an insurance policy via the Marketplace;

3. A Declaration that the Constitution of Ohio and all statutes and regulations promulgated thereunder which deny recognition of the valid marriage of Cowger and Wesley in New York, and thus their status as a legally recognized marriage couple under Ohio law, are unconstitutional and therefore void;

4. A Declaration that the provisions of the ACA and the enforcement of the ACA whereby Plaintiffs are denied the right and ability to purchase a family health insurance in the ACA Marketplace, and thus enjoying benefits and tax credits associated therewith, are unconstitutional and therefore void;

5. A permanent injunction forbidding discrimination against  Cowger and Wesley such that their valid New York marriage is not recognized in Ohio, and ordering Plaintiffs be deemed a family for purposes of purchasing a family health insurance policy under

11

the ACA, and ordering that Defendants take such action as is necessary to allow Plaintiffs to buy one family health insurance policy via the ACA Marketplace, and thereby eligible for tax credits otherwise allowed under standard formulas for determining such tax credits, and such other benefits as come with purchasing an insurance policy via the Marketplace;

6. An award of damages equal to all premiums paid, deductions incurred and costs not covered as a result of Plaintiffs not being able to purchase one family policy and being delayed in obtaining coverage for CCC-W, from the date the first premiums were paid for the three Medical Mutual insurance policies purchased by Plaintiffs to the date that the family policy may be effective as a result of an order and/or judgment in this case;

7. An award of court costs and attorney's fees to Plaintiffs against Defendant United States of America pursuant to 24 U.S.C §2412; and,

8. An award of court costs and attorney's fees to Plaintiffs against Defendants Kasich and Taylor pursuant to 42 U.S.C. §1988.

Respectfully submitted,

Date: February 19, 2014

/s/Alfred R. Cowger, Jr.
Alfred R. Cowger, Jr.
Ohio Attorney ID No. 0029881
34550 Dorchester Road
Gates Mills, OH 44040
Ph/cell:  570-760-0847
Email:  ARCowger@aol.com

On behalf of himself and as attorney for
Anthony J. Wesley, Jr. and
CCC-W